FILED '05 SEP 29 16:29 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES BASTIAN, | Civ. No. 04-652-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART,<br>Commissioner, Social<br>Security Administration, | |
| Defendant. | |

Alan Stewart Graf
1020 S.W. Taylor St. Ste. 230
Portland, OR 97205-2555
    Attorney for plaintiff

1   - OPINION AND ORDER

Karen Immergut
United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Daphne Banay
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
   Attorneys for defendant

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on May 18, 2001, alleging disability since October 10, 2000. Tr. 87-89. His application was denied initially, on reconsideration and by decision of an Administrative Law Judge (ALJ). Tr.25-37, 38-39, 43-45. Plaintiff requested review of the ALJ's decision by the Appeals Council, and the Appeals Council remanded the case to the ALJ for evaluation of the claimant's subjective complaints. Tr. 68-72. Plaintiff, a medical expert, and a vocational expert appeared and testified before the ALJ on August 26, 2003. Tr. 399-417. On December 31, 2003, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. Tr. 10-22. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 5-7. Plaintiff now seeks judicial review.

42 U.S.C. § 405(g).

Plaintiff was 48 years old at the time of the ALJ's decision. Tr. 14. Plaintiff has a limited education, having completed the eleventh grade, and past relevant work as a construction worker, carpenter, janitor and tile-setter. Tr. 378-79.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and by substantial evidence. Cequerra v. Secretary of Health and Human Services, 933 F.2d 735, 738 (9th Cir. 1991). However, even where findings are supported by substantial evidence, a "decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is deemed not disabled. In the present case, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period of alleged disability. Tr. 14.

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination of impairments, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). Here, the ALJ found that plaintiff's cervical radiculopathy and minimal to mild bilateral carpal tunnel syndrome were severe impairments. Tr. 19. Thus, the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments

meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Yuckert, 482 U.S. at 141; see 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. In this case, the ALJ did not find that plaintiff had an impairment or combination of impairments that was either among the listed impairments or the medical equivalent of any of the listed impairments. Tr. 19.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e). If the claimant is so able, then the Commissioner finds the claimant not disabled. In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting. Social Security Regulation (SSR) 96-8p. The ALJ found that plaintiff retained the ability perform a full range of light work but was unable to perform his past relevant work as a carpenter, janitor or tile-setter. Tr. 20-21.

In step five, the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 142; 20 C.F.R. § 404.1520(f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, the plaintiff is deemed not disabled. 20 C.F.R. § 404.1566. If the Commissioner fails to meet this burden, then the claimant is deemed to be disabled.

Relying on the Medical-Vocational Guidelines (the grids), the ALJ found that plaintiff was capable of performing other work existing in the national economy. Tr. 21. Therefore, the ALJ found plaintiff not disabled within the meaning of the Act.

5   - OPINION AND ORDER

## DISCUSSION

Plaintiff argues that the ALJ erred by rejecting his subjective pain testimony and the opinion of Teri Beasley, a nurse practitioner (NP). Plaintiff also argues that the ALJ failed to consider the testimony of Lawrence Cohen, M.D., the medical expert in the case. Dr. Cohen opined that plaintiff's pain and symptoms resulted from a motor vehicle accident, plaintiff's chart indicated that he was in considerable pain, and the medications plaintiff was taking could cause concentration difficulties. Tr. 410-14. Plaintiff further alleges that the Commissioner improperly relied on the grids to find him not disabled. Plaintiff alleges that his decreased ability to concentrate resulting from pain medication constitutes a nonexertional impairment, and therefore the Commissioner's sole reliance on the grids was improper. Plaintiff asks that the court credit his subjective testimony, the opinion of NP Beasley and the testimony of Dr. Cohen as true and remand his case for an award of benefits.

The Commissioner concedes that the ALJ failed to consider the opinion of NP Beasley and that the ALJ did not articulate adequate reasons to disregard plaintiff's testimony. See Defendant's Memorandum, p. 7 ("[T]he ALJ may reject the claimant's testimony about the severity of the alleged pain or other symptoms by offering specific, clear and convincing reasons for doing so."). The Commissioner further admits that the ALJ failed to address the testimony of Dr. Cohen, that plaintiff's claimed impairments could cause his complained of pain and that medications could cause the concentration difficulties plaintiff described. See Defendant's Memorandum, p. 6.

Accordingly, the Commissioner moves for remand of the case for further proceedings to properly evaluate plaintiff's credibility, NP Beasley's opinion, the testimony of Dr. Cohen, and plaintiff's residual functional capacity in light of all his limitations. Plaintiff, on the other hand,

argues that his testimony, NP Beasley's opinion, and the opinion of Dr. Cohen must be credited as true. If such evidence is credited, plaintiff argues that the record establishes his disability within the meaning of the Act.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)(citing Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)). Remand is appropriate where further proceedings would resolve defects in the administrative proceedings. However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Ninth Circuit has articulated the following test for determining when an immediate award of benefits is warranted:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting Smolen v Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

I agree that the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony. Smolen, 80 F.3d at 1284. For example, the ALJ found that plaintiff exhibited a tendency toward symptom magnification because plaintiff's Wadell's signs were positive during an examination in May of 2001. Tr. 19. However, the ALJ did not address the fact that plaintiff was not diagnosed with symptom magnification by any of three neurologists who examined him subsequent to May 2001. Tr. 189-91, 200-04, 271-74. The ALJ also rejected plaintiff's allegations

of disabling pain, finding that "[w]hile not dispositive, the claimaint's ability to engage in . . . activities of daily living tends to suggest a residual functional capacity at odds with a finding for disability." Tr.20.

Granted, "[i]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations [of disability]." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). However, the ALJ did not make specific findings as to how the plaintiff's capacity to "independently tend to his own hygienic care; shop for groceries; help in the preparation of meals; do some household chores such as laundry and dishes; drive a vehicle; and do some gardening/yard work," are transferable to a work setting. Tr. 20. This court may not infer such findings from the record. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)(court cannot engage in independent fact-finding but is "constrained to review the reasons the ALJ asserts"). Consequently, I cannot determine what evidence the ALJ relied on in support of his findings, and I find that the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony. Connett v. Barnhart, 340 F.3d at 874; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)("It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible.").

However, I do not find that plaintiff's testimony must be credited as true absent further clarification. Connett, 340 F.3d at 876 ("These opinions establish that we are not required to enter an award of benefits upon reversing the district court. Instead of being a mandatory rule, we have some flexibility in applying the 'crediting as true' theory."). Although the ALJ failed to provide adequate reasons to reject plaintiff's testimony, plaintiff's allegations of disabling pain are not

altogether consistent with the evidence of record, including evidence of symptom magnification and plaintiff's own statements displaying an eagerness to return to work. Tr. 162-70, 389, 394-96, see Connett, 340 F.3d at 876 (When the ALJ makes insufficient findings as to whether plaintiff's testimony should be credited as true, remand for further determinations is appropriate).

As the Commissioner concedes, the ALJ committed legal error by failing to consider the opinion of NP Beasley and the testimony of Dr. Cohen. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (enunciating standard for evaluating opinions of medical providers). The ALJ ignored the statement of NP Beasley, in which she opines that plaintiff will "remain in a chronic pain state indefinitely . . . his condition is permanent and . . . the fact that he is on long-term narcotic medication has limited his ability to work in a full-time position due to the side effects of these medications and due to the fact that they do not completely alleviate his pain." Tr. 372. In order to reject an uncontradicted treating or examining physician's opinion, the ALJ must provide "clear and convincing" reasons supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001). In order to reject a treating or examining physician's opinion that is contradicted, the ALJ must provide "specific and legitimate" reasons supported by substantial evidence in the record. Id. at 1203; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Here the ALJ entirely ignored the opinion of NP Beasley and therefore provided neither clear and convincing nor specific and legitimate reasons for rejecting her opinion.[1]

---

[1] It is unclear in the Ninth Circuit whether the opinion of a nurse practitioner is to be treated as a medical or lay opinion. See Benton v. Barnhart, 331 F.3d 1030, 1036-37 (9th Cir. 2003). However, the ALJ failed to articulate sufficient reasons to disregard NP Beasley's testimony under either the medical or lay standard. See Holohan, 246 F.3d 1202-03(ALJ must provide clear and convincing reasons to disregard uncontradicted medical opinion, and specific and legitimate reasons to disregard contradicted medical opinion); see also Dodrill, 12 F.3d at 919 (If an ALJ wishes to discount the testimony of a lay witness "he must give reasons that are

The ALJ also ignored the testimony of Dr. Cohen, in which he states that plaintiff suffers from medical impairments that could cause the pain that plaintiff alleges, and medication that plaintiff is taking "would certainly cause" the plaintiff's alleged concentration difficulties. Tr. 412-13. The ALJ erred by ignoring the testimony of Dr. Cohen. See Bilby v. Schweiker, 762 F.2d 716, 718 (9th Cir. 1985)("Although a medical expert's opinion regarding disability is not binding on the ALJ, the ALJ must provide clear and convincing reasons for rejecting an uncontroverted medical opinion."). Because the ALJ did not provide any reasons for rejecting the opinion of NP Beasley and the testimony of Dr. Cohen, he committed error.

However, even if the opinion of NP Beasley and the testimony of Dr. Cohen are credited as true, there are outstanding issues, such as the determination of plaintiff's functional limitations, that must be resolved before a determination of disability can be made. See Harman, 211 F.3d at 1178.

There are two general categories of limitations that may restrict plaintiff's ability to work; exertional limitations, and nonexertional limitations. Exertional limitations affect plaintiff's "ability to meet the strength demands of jobs . . . in terms of the strength demands for sitting, standing, walking, lifting, carrying, pushing and pulling" 20 C.F.R. § 404.1569a(a). Nonexertional limitations are not strength related, but still affect plaintiff's ability to meet work demands. See 20 C.F.R. §404.1569a(c). Examples of nonexertional limitations include pain and difficulty maintaining attention and concentrating. 20 C.F.R. §404.1569a(c).

When a plaintiff displays both exertional and nonexertional limitations the ALJ is directed to use the grids only as a framework for a disability determination. See 20 C.F.R. §404.1569a(d);

---

germane" to that witness). Because the ALJ failed to articulate any reasons for disregarding NP Beasley's testimony, he committed error by ignoring NP Beasley's testimony.

20 C.F.R. Pt. 404, Subpt.P, App. 2, 200(e)(2). Holohan, 246 F.3d at 1208 ("The grids are based only on strength factors. Thus they are sufficient only when a claimant suffers only from exertional limitations.") (internal citations omitted). The ALJ improperly relied solely on the grids in order to find plaintiff disabled under Step 5.

Given that the record contains evidence that plaintiff has nonexertional limitations such as pain and possible concentration deficits, the ALJ should have posed a hypothetical to the vocational expert incorporating these nonexertional limitations. See Tackett v. Apfel 180 F.3d 1094, 1102 (9th Cir. 1999) ("Because Tackett suffers from non-exertional limitations not contemplated by the grids, the ALJ was required at step five to call upon a vocational expert to establish whether Tackett was disabled). Because the ALJ did not propose a hypothetical incorporating plaintiff's alleged nonexertional limitations, this court cannot make a determination of plaintiff's limitations and residual functional capacity and whether he can perform other work in the national economy. In sum, it is not clear from the record that the ALJ would be required to find plaintiff disabled. Outstanding issues must be resolved before a disability determination can be made; therefore, plaintiff's case is remanded for further administrative proceedings.

///

///

///

///

///

///

///

11   - OPINION AND ORDER

## CONCLUSION

For the reasons explained, the ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the Commissioner's Motion to Remand (doc. 29) is GRANTED, and the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this 29 day of September, 2005.

                                    /s/ Ann Aiken
                                    Ann Aiken
                              United States District Judge